UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALAVERAS COUNTY DISTRICT ATTORNEY'S OFFICE, et al,<br><br>　　　　　Respondents. | CASE NO. 1:15-CV-1185-SMS (HC)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, because Petitioner has not alleged exhaustion of state remedies, his petition is presently barred and will be dismissed without prejudice.

**I.　　SCREENING STANDARD**

The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

**II.　　HABEAS CORPUS AND CIVIL RIGHTS**

Because Petitioner challenges both the duration and the conditions of his confinement, the Court is uncertain of the exact nature of Petitioner's claim. Challenges to the conditions of prison life are properly brought in a civil rights action under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is

the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  A plaintiff may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed as such. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam) (state prisoners' habeas petitions, which challenged their living conditions and disciplinary measures and did not seek release, could be read to plead § 1983 claims).

Here, the petition is drafted on a form habeas petition, but it primarily concerns prison conditions. Petitioner specifies that he has been asking for mental health care for six months. He would like to be released to a mental health and drug treatment facility. Petitioner identifies 42 U.S.C. § 1983 and the Eighth Amendment as supporting authority in his petition. Challenges to prison conditions are properly brought in a civil rights complaint under § 1983 and not a habeas petition under § 2254. The Court has discretion to construe the petition as a civil rights action; however, Petitioner also argues that his time is "more than served" and has attached a document that indicates his belief that he has served his time and that he should be released. Habeas corpus is the exclusive remedy for the relief requested. Petitioner may not proceed with both of his claims in a single action, and it is unclear to the Court which claim he intends to bring in the instant petition. Hence, the Court will not convert the habeas petition into a civil rights complaint. Nevertheless, Petitioner has not alleged administrative exhaustion for either claim.

**III.   EXHAUSTION REQUIREMENTS**

A. <u>Habeas Corpus</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court

the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claims factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

"A fully unexhausted federal habeas petition may not be stayed and must be dismissed." *Alexander v. Cal.*, 2015 U.S. Dist. LEXIS 137136, *5, n. 1 (C.D. Cal. Oct. 7, 2015). A stay is under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only available for a mixed habeas petition where at least some of the claims have been exhausted." *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009).

Here, with regards to exhaustion of state remedies, Petitioner states that he has filed a state habeas petition and was awaiting the determination to be issued on July 29, 2015. He has not demonstrated that the highest state court had a full and fair opportunity to consider his singular habeas claim. Hence, he has not exhausted his administrative remedies prior to presenting his claims in federal court. He has not alleged that any claim has been exhausted. His habeas petition will be dismissed without prejudice.

B.  Civil Rights

"No action shall be brought with respect to prison conditions [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516,

3

532 (2002). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

Here, Petitioner argues that he has asked for help regarding his mental health treatment for six months without response. He also alleges that he has a § 1983 complaint pending before the state court. However, these allegations are insufficient to allege exhaustion of administrative remedies. Petitioner has not alleged that he submitted a grievance with the CDCR, nor that the grievance process has been pursued through its several steps. Hence, even if the Court were to convert the habeas petition into a civil rights complaint, it would be dismissed for failure to exhaust administrative remedies.

## IV.   APPEALABILITY

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court will decline to issue a certificate of appealability.

## V.   ORDER

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED without prejudice. The Court declines to issue a certificate of appealability.
IT IS SO ORDERED.

Dated:   **October 14, 2015**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE